LORENZO L. SHAW, Petitioner,

*vs.*

JOHN H. HUMPHREY, Trustee, and another.

Cumberland.　Opinion April, 22, 1902.

*Probate. Bond. Surety. Appeal.*

1. The liability of a surety upon a probate bond is contingent only upon the failure of his principal to pay the amount with which he may stand charged.

2. The surety is not a party so directly interested that he can be considered as "aggrieved" by a decree of the court respecting the settlement of his principal's account.

3. A surety upon such a bond has no right of appeal from a decree of a judge of probate allowing or disallowing the account filed by the principal on the bond, or by the principal's legal representative.

4. The sureties are fully and effectually represented in the probate court by their principal, or his representative; and in signing the bond they, in effect, stipulate that their principal shall abide and perform the decree of the court upon all questions between him and the estate within the court's jurisdiction.

On report.　Petition dismissed.

Petition by Lorenzo L. Shaw, the sole surviving surety on the bond of E. Dudley Freeman, trustee under the will of Cyrus F. Sargent, asking that a rehearing be granted upon the appeal of John

H. Humphrey, trustee, from the decree of the probate court for Cumberland county, rendered March 14th, 1899, allowing the final account of E. Dudley Freeman, trustee in said estate, as rendered and settled by Thomas L. Talbot, Admr., in said probate court on Febuary 27th, 1899, upon which a decree was rendered by the supreme court of probate April 27, 1900.

The case appears in the opinion.

*J. A. and I. A. Locke,* for petitioner.

*Geo. E. Bird and W. M. Bradley,* for Humphrey.

Sitting: Wiswell, C. J., Emery, Whitehouse, Strout, Savage, Powers, JJ.

Whitehouse, J.    This is a petition to the supreme court of probate for a rehearing upon a probate appeal. It comes to the law court on report.

The petitioner is the surviving surety upon a probate bond given by E. Dudley Freeman as trustee under the last will and testament of Cyrus F. Sargent. After the decease of Mr. Freeman, the defendant, John H. Humphrey, was appointed trustee to fill the vacancy caused by Mr. Freeman's death. Thomas L. Talbot was appointed administrator on the estate of Mr. Freeman, and in that capacity presented to the probate court the final account of Mr. Freeman as trustee under the Sargent will. After due notice and hearing the account was allowed by the judge of probate, including a mortgage from Geo. W. Titcomb of Denver, Colorado, for $3,000 with a commission thereon of $90. Subsequently the defendant Humphrey as trustee, by permission duly obtained, entered in the supreme court of probate an appeal from the decree of the probate court below allowing this account. Due notice of the appeal was given to Mr. Talbot as administrator on the estate of Mr. Freeman, but no notice of it was served on the petitioner, as surety on Mr. Freeman's bond. Mr. Talbot, the administrator, and the defendant Humphrey, subsequently prepared a statement of facts relating to the unfortunate investment made by Mr. Freeman in the Titcomb mortgage, and agreed to submit the appeal to the court upon that statement for such judgment as

law and justice required, reserving to either party the right to except to rulings in matters of law. Thereupon, upon consideration of the facts stated and the documents on file, a decree was entered in the supreme court, reversing the decree appealed from as to the item of $3,000 and commission thereon growing out of the Titcomb mortgage, and disallowing those items, but affirming the decree in all other respects.

The estate of Mr. Freeman was rendered insolvent, and the administrator took no exceptions, nor does it appear that he was ever requested by the petitioner to take any exceptions to the decision of the justice who entered this amended decree disallowing the item of the Titcomb mortgage.

In this application for a rehearing the petitioner represents that he had no notice of the entry of this appeal in the supreme court, that the decree "was obtained by and through the accident, mistake or fraud of the said John H. Humphrey, trustee, and his irregular proceedings in obtaining said decree from the supreme court of probate," that the decree disallowing the item of $3,000 represented by the Titcomb mortgage was erroneous, and that injustice will be done to the petitioner unless that item is allowed in the settlement of Mr. Freeman's account as trustee.

In the opinion of the court it is unnecessray to determine whether such a general allegation that the petitioner is aggrieved by fraud, accident and mistake on the part of the defendant, unaccompanied by any more specific statement of the grounds upon which the charge is based, would justify the consideration of such a petition addressed to the discretion of the court. For there are prior objections which upon the settled law of this state are conclusive against the granting of a rehearing upon a petition such as this now before the court.

The liability of a surety upon such a probate bond is only contingent upon the failure of his principal to pay the amount with which he may stand charged. The surety is not a party so directly interested that he can be considered as "aggrieved" by a decree of the court respecting the settlement of his principal's account. It has accordingly been repeatedly held by this court that a surety upon such a bond has no right of appeal from a decree of a judge

of probate allowing or disallowing the account filed by the principal on the bond, or by the principal's legal representative. *Woodbury* v. *Hammond,* 54 Maine, 332; *Tuxbury's Appeal,* 67 Maine, 267; *Judge of Probate* v. *Quimby,* 89 Maine, 574. In the latter case it is said in the opinion: "The sureties were fully and effectually represented in the probate court by their principal, or, in this case, by his representative, the administrator. They signed the bond for the protection of the estate and of all persons interested in it, against their principal. In signing it they in effect stipulated that their principal should abide and perform the decree of the court upon all questions between him and the estate within the court's jurisdiction. They did not stipulate for any opportunity to object to any proceedings. They intrusted the representation of their principal's rights and interests to the principal himself."

The propositions established by these decisions are necessarily decisive of the principal question presented by the petition now before the court. But it is a satisfaction to observe that a careful examination of the agreed statement of facts in the light of all the circumstances, and of the well known principles of law and equity applicable to the investment of trust funds, fails to disclose any error in the decree of the supreme court of probate disallowing the item of the Titcomb mortgage in controversy.

*Petition dismissed with one bill of costs for respondents.*